SMITH, Justice.
 

 Appellee is a Hidalgo county farmer, and carries an accident and health insurance policy in the North American Accident Insurance Company, appellant herein.
 

 While operating an ordinary gin stand in a neighborhood cotton gin, appellee’s fingers were caught and injured in the gin machinery, whereupon he sued appellant to recover under a clause in said policy indemnifying him against injury occurring to him “While actively engaged in farming by actual contact with and while operating a threshing, mowing, reaping or binding machine, harrow or plow.”
 

 The jury tracked the policy by finding that appellee was “injured while actively engaged in farming by actual contact with and while operating (1) a threshing machine” and (2) “a binding machine.” Upon those findings the trial judge awarded recovery to appellee under the policy for $187.50. The insurance company appealed.
 

 Both parties have considerately spared this court from long theses on the academic questions of whether a farmer is actually engaged in farming while operating a cotton gin, and of whether a cotton gin is in fact a farm implement, to wit, a threshing machine, and a binding machine, as well.
 

 Appellant is content to submit the bald question, without citation of authority or argument, while appellee submits it without authority, but with the quite ingenious argument that, as a cotton gin separates the cotton lint from the cotton seed, it is a “threshing machine,” and, as it binds the lint into bales, it is a “binding machine,” alii within the contemplation of the insurance policy; thus justifying the jury findings.
 

 We regret our inability to follow these conclusions to an affirmance of the judgment dependent thereon.
 

 But it seems obvious, and a matter of common knowledge, that one operating an ordinary cotton gin stand is not at the moment “actively engaged in farming,” and is not in fact, as a farmer, “operating a threshing, mowing, reaping or binding machine, harrow or plow.”
 

 The judgment will be reversed, and judgment here rendered for appellant, with all costs.